991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Max SANDOVAL, Plaintiff-Appellant,
v.
Gary W. DELAND, David R. Franchina, Scott McCallister,
Defendants-Appellees.
 No. 92-4152.
 United States Court of Appeals, Tenth Circuit.
 April 21, 1993.
 
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff is a "member of the general public" who sought to personally witness an execution. He brought this civil rights suit under 42 U.S.C. § 1983 alleging that his First and Fourteenth Amendment rights were violated because defendants permitted only "certified media members" to view executions. Aplt.App. at 2-4. The district court granted defendants' motion for summary judgment and denied plaintiff's motion for partial summary judgment. Plaintiff appeals and we affirm.
 
 
 3
 In his motion for partial summary judgment, plaintiff alleged that Utah Code Ann. § 77-19-11 and its pertinent regulations, which permit a limited number of selected commercial media representatives to view executions, are unconstitutional because they exclude the public from witnessing executions. Aplt.App. at 29-30. In his report and recommendation which was adopted by the district court, the magistrate judge concluded that plaintiff's constitutional rights were not violated. Id. at 23.
 
 
 4
 On appeal, plaintiff argues that (1) the district court erred when it made the factual determination that plaintiff served no media function; (2) corrections officials denied plaintiff's right to equal protection pursuant to the Fourteenth Amendment when they excluded him from consideration as a witness at the execution; and (3) corrections officials violated the First Amendment when they defined "press" and "media" in a manner that excluded plaintiff.
 
 
 5
 We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We view the record in the light most favorable to the party opposing summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 6
 Plaintiff argues on appeal that the district court erred in determining he is not a member of the media and served no media function. Defendants counter that plaintiff only argued in the district court that he is a member of the general public, not that he is a member of the media. In his complaint, for example, plaintiff asserted that he is a "member of the general public" who wished to witness an execution. Aplt.App. at 2. He alleged that there is "invidious discrimination against members of the general public in favor of certain commercial media enterprises." Id. at 3. In his motion for partial summary judgment, plaintiff maintained he should be entitled to the same First Amendment rights accorded to the news media. See id. at 35. Likewise, in his reply memorandum in support of summary judgment, he again reiterated his argument that the "general public may not be denied access to sources of information made available to the commercial media." Id. at 50. At the hearing before the magistrate judge, plaintiff testified that he is a member of the general public and did not maintain that he performs any media function. Id. at 81-82.
 
 
 7
 As a general rule, appellate courts will not consider issues raised for the first time on appeal. FDIC v. Daily, 973 F.2d 1525, 1530 (10th Cir.1992). Plaintiff presents no reason why we should grant an exception to the general rule, and we conclude no basis for an exception is present. See Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991). We will therefore not consider plaintiff's first argument.
 
 
 8
 After reviewing the briefs on appeal, the appendix, and the relevant case law, we conclude that plaintiff's other arguments are without merit. Accordingly, we affirm for substantially the reasons stated by the magistrate judge in his report and recommendation filed July 10, 1992, and adopted by the district court in its order filed July 29, 1992.
 
 
 9
 The judgment of the United States District Court for the District of Utah is AFFIRMED. Plaintiff's motion for oral argument is DENIED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3