**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MIGUEL M. RIOS and CORINA
RIOS, husband and wife, and as
parents and next friends of Ami and
Roxanne Rios, minor children,

       Plaintiffs,

v.

VILLAGE OF HATCH, ex rel. Hatch
Police Department; TERRY LEWIS,
individually and in his official
capacity as an Officer for the Village
of Hatch Police Department; UNITED
STATES DEPARTMENT OF
JUSTICE, ex rel. United States;
UNITED STATES DEPARTMENT
OF IMMIGRATION AND
NATURALIZATION SERVICE;
UNITED STATES BORDER
PATROL,

       Defendants.

---

JOSE L. ARRIETA,

       Appellant.

No. 03-2049
(D.C. No. CIV-00-68- KBM/LCS)
(D. N.M.)

## ORDER AND JUDGMENT [*]

Before **O'BRIEN** and **ANDERSON** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining appellant's brief and the appellate record, this panel has determined unanimously to grant appellant's request for a decision on the brief without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Jose L. Arrieta appeals the order entered by the magistrate judge on March 14, 2001 removing him as counsel for the plaintiffs in the underlying civil rights case, *Rios v. Village of Hatch, et al.* Although the removal order was proper given the fact that Mr. Arrieta had not been readmitted to the Federal Bar of the District of New Mexico after his disbarment by the Supreme Court of New Mexico, we conclude that the magistrate judge violated Mr. Arrieta's right to procedural due process when he went beyond the admission issue and made specific findings of misconduct by Mr. Arrieta without providing Mr. Arrieta with prior notice and an opportunity to respond to the misconduct charges. Thus, we

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

remand this matter with directions to the district court to provide Mr. Arrieta with an opportunity to respond to the misconduct findings.

I.

Mr. Arrieta was disbarred by the New Mexico Supreme Court in 1987 (after being suspended in 1986), and he was reinstated to probationary active status in May 2000. *See* Aplt. App. at 4, 7. Under the terms of the reinstatement order, Mr. Arietta was prohibited from engaging in the "sole practice of law," and he was required to be supervised by an attorney selected by the state disciplinary counsel. *Id.* at 1-2. For purposes of *Rios*, Mr. Arietta's supervising attorney was Greg Valdez, and Mr. Arietta was an associate and employee of the Law Office of Daniel L. Romero. *Id.* at 12; Aplt. Br. at 26.

In January 2000, Daniel Romero filed a complaint on behalf of the plaintiffs in *Rios*. On September 11, 2000, Mr. Arrieta filed his entry of appearance in *Rios*, and the signature block on the entry is under the heading "Law Office of Daniel L. Romero." *See* R., Doc. 16. During this same time period, Mr. Arrieta also entered his appearance in five other cases in the District of New Mexico. *Id.*, Doc. 54 at 2.

Mr. Arrieta claims that he called the clerk's office in the District of New Mexico after his reinstatement by the New Mexico Supreme Court and was told that he needed only to pay an admission fee in order to be readmitted to the

-3-

Federal Bar of the District of New Mexico. [1] *See* Aplt. Br. at 6. Mr. Arrieta claims that he then paid the fee and "proceeded to practice before the federal bench." *Id.*

At some point during the summer of 2000, Mr. Arrieta also filed an application to be reinstated to the District of New Mexico's Criminal Justice Act Panel. In a letter dated September 17, 2000, the Chair of the CJA Committee informed Mr. Arrieta that he could not be accepted to the panel "until he . . . is in good standing with the New Mexico State Bar." Aplt. App. at 6. In response to the Chair's letter, Mr. Arrieta submitted a certificate of good standing from the New Mexico Supreme Court dated August 1, 2000 to Robert March, the Clerk of the Court. [2] *Id.* at 7, 9. After receiving the certificate of good standing,

---

[1] Mr. Arrieta claims that he was initially admitted to the bar of the District of New Mexico in the early-to-mid 1980s. *See* Aplt. Br. at 8, 28-29. The District of New Mexico has no record of Mr. Arrieta having been a member of its bar prior to his disbarment, however, and Mr. Arrieta has not produced a certificate confirming his admission. Nonetheless, because he has submitted Criminal Justice Act vouchers showing that he was practicing in the District of New Mexico prior to his disbarment, *see* Aplt. App. at 16-20, we will assume for purposes of this appeal that: (1) Mr. Arrieta was formerly admitted to the Federal Bar of the District of New Mexico; (2) he was automatically suspended from practicing in the District of New Mexico after he was disbarred by the New Mexico Supreme Court, *see* D.N.M. LR-Civ. 83.10(b) (2000); and (3) he was required to apply for readmission to the Federal Bar of the District of New Mexico after he was reinstated by the New Mexico Supreme Court, *see* D.N.M. LR-Civ. 83.10(c) (2000).

[2] The certificate of good standing stated that Mr. Arrieta was "Reinstated to Probationary Status on 5/24/00 after 2/26/87 disbarment." Aplt. App. at 7.

Mr. March sent Mr. Arrieta a letter dated October 23, 2000, informing him that "[t]he Active District Judges decided that you must complete your probationary period with the New Mexico Supreme Court and, upon completion of that requirement, you may apply for readmission to the Federal Bar and the [CJA] Panel." *Id.* at 8. Mr. Arrieta then sent Mr. March additional correspondence requesting that he be readmitted to practice in the District of New Mexico. *Id.* at 12. In response to the additional correspondence, Mr. March sent Mr. Arrieta a letter dated November 17, 2000, informing him that "[t]he U.S. District Judges met on November 8, 2000, to consider your request. By unanimous vote, the Judges decided your suspension from all practice in this Court will be upheld." *Id.* at 15. Mr. March also informed Mr. Arrieta that "the Judges further ruled that you not be allowed to practice *pro hac vice*. Any cases in which you are still the attorney of record or associated with another attorney of record, must be reassigned immediately to an active member in good standing with the Bar of the . . . District of New Mexico." *Id.*

As of the end of January 2001, Mr. Arrieta had not filed a motion on his own behalf to withdraw from *Rios*. Instead, on January 31, 2001, Daniel Romero filed a motion to withdraw as attorney of record for the plaintiffs, claiming that he was downsizing his office and that plaintiffs wanted to retain other counsel,

and Mr. Romero requested that Greg Valdez (Mr. Arrieta's supervising attorney) be substituted as counsel for plaintiffs. *See* R., Doc. 32 at 1-2.

A magistrate judge presided over *Rios* with the consent of the parties under 28 U.S.C. § 636(c). On February 21, 2001, the magistrate judge entered an order setting a telephonic motion hearing for March 12, 2001. The order stated that the matters to be heard at the hearing were the "Order to Show Cause Why Case should not be Dismissed (Doc. 29) and Plaintiffs' . . . Motion to allow withdrawal attorney Daniel L. Romero & to substitute attorney with attorney G. Greg Valdez. (Doc. 32)." R., Doc. 47. The hearing was subsequently held before the magistrate judge on March 12, and Mr. Arrieta and Mr. Valdez appeared in person at the hearing.

The first matter addressed by the magistrate judge at the hearing was Mr. Arrieta's status, and Mr. Arrieta acknowledged that he was not admitted to practice in the District of New Mexico. *See* Aplt. App. at 24. The magistrate judge then inquired as to Mr. Arrieta's status in the other District of New Mexico cases in which he had entered his appearance. As discussed on the record at the hearing, it was determined: (1) that one of the cases had settled and was finished; (2) that Mr. Arrieta was still counsel of record in two of the cases; and (3) that Mr. Arrieta was not sure whether he had withdrawn from one of the other cases. *Id.* at 25-30. Following the discussion regarding the other cases, Mr. Arrieta

agreed that he would withdraw from each of the cases, and it was also agreed that he would withdraw from *Rios*. *Id.* at 35-36, 40-41.

On March 14, 2001, the magistrate judge entered an order regarding the motion to withdraw and substitute counsel. In the order, the magistrate judge stated that "[a]lthough the motion to withdraw and substitute counsel will be granted, the Court takes this opportunity to address Mr. Arrieta's standing in federal court as well as inconsistent representations made by Mr. Arrieta regarding his ability to practice within this Court." R., Doc. 54 at 1. The magistrate judge then went on to review the cases that were discussed at the hearing on March 12, and the judge found that Mr. Arrieta made "false statements" at the hearing regarding his status in two of the cases. *Id.* at 3-4.

In addition, with respect to *Rios*, the magistrate judge found that "Mr. Arrieta has been appearing in front of the court and signing pleadings, motions and papers on behalf of his clients in clear violation of [Mr. March's] November 17th letter." *Id.* at 4. The magistrate judge also stated that Mr. Arrieta's conduct "may even violate the New Mexico Supreme Court's [Reinstatement] Order." *Id.* at 5. Finally, the magistrate judge ordered "that Mr. Arrieta is removed as attorney for Plaintiffs effectively [sic] immediately," and the removal order was preceded by the following statements/findings:

> Therefore, due to Mr. Arrieta's blatant failure to abide by the rulings of this Court not to practice in federal court, his likely failure to abide by the Order of the New Mexico Supreme Court, his false statements with respect to his representations with other federal cases, and his apparent violation of disciplinary rule 17-212, I must remove Mr. Arrieta as attorney for the Plaintiffs. After receiving a letter from the Clerk of the Court and subsequently signing a pleading in this court, Mr. Arrieta's behavior may even rise to the level of contempt.

*Id.* The magistrate judge then concluded his March 14 order by directing "that the Clerk forward a copy of this order to the New Mexico Supreme Court Disciplinary Board." *Id.*

## II.

A final judgment has been entered in *Rios*, and the case has been dismissed with prejudice. *See* R., Doc. 100. Consequently, as a threshold matter, we must determine whether Mr. Arrieta has standing to independently pursue this appeal and whether the appeal is moot.

Because the magistrate judge's March 14, 2001 order disqualified Mr. Arrieta from representing the plaintiffs in *Rios* based on specific findings of attorney misconduct that could potentially harm his professional reputation, we conclude that Mr. Arrieta has standing to independently challenge the misconduct findings, and that the dismissal of *Rios* did not moot his appeal. *See Weeks v. Indep. Sch. Dist. No. I-89*, 230 F.3d 1201, 1207-08 (10th Cir. 2000) (holding that an attorney has standing to independently appeal a disqualification order imposed

as a sanction for misconduct where "a favorable court decision would likely provide at least some redress from the injury from the sanction because it could help ameliorate the damage to [the attorney's] professional reputation"); *Johnson v. Bd. of County Comm'rs,* 85 F.3d 489, 492-93 (10th Cir. 1996) (addressing mootness issue and holding "that settlement of an underlying case does not preclude appellate review of an order disqualifying an attorney from further representation insofar as that order rests on grounds that could harm [the attorney's] professional reputation"); *see also Butler v. Biocore Med. Tech., Inc.*, 348 F.3d 1163, 1166-69 (10th Cir. 2003) (holding that an attorney may independently appeal an order finding that the attorney engaged in misconduct even if the order did not impose any sanction, monetary or otherwise, and noting that an attorney's professional reputation is his most important and valuable asset).

We also conclude that the magistrate judge violated Mr. Arrieta's right to procedural due process when he imposed the sanction of disqualification and entered his misconduct findings without giving Mr. Arrieta prior notice and an opportunity to respond to the misconduct charges. *See Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1211 (11th Cir. 1985) (holding that attorney "sanctions must be imposed in accordance with the due process of law," and that, unless exigent circumstances exist, an attorney may not be disqualified from a case on

the basis of misconduct without "an opportunity to be heard"); *cf. G.J.B. & Assocs., Inc. v. Singleton,* 913 F.2d 824, 830 (10th Cir. 1990) (noting that "[t]he due process clause of the fifth amendment . . . requires that an attorney facing sanctions in federal court be given notice and an opportunity to be heard," and holding that district court abused its discretion by imposing sanctions against an attorney under Fed. R. Civ. P. 11 when the attorney "was given neither notice that the court was considering Rule 11 sanctions, nor an opportunity to respond either before or after their imposition"); *Mattox v. Disciplinary Panel of the United States Dist. Court for the Dist. of Colo.*, 758 F.2d 1362, 1368-69 (10th Cir. 1985) (holding that federal district court violated an attorney's right to procedural due process when it denied her application for readmission to the bar of the court without giving her prior notice of the reasons for the denial and an opportunity to respond).

While Mr. Arrieta knew or should have known that his continued presence as counsel in *Rios* was in direct violation of Mr. March's November 17, 2000 letter, Mr. Arietta did not receive any notice prior to the hearing on March 12, 2001 that the magistrate judge was going to sanction him based on findings of misconduct, and there were no discussions regarding sanctions or misconduct findings at the hearing. Instead, it was simply agreed at the hearing that Mr. Arrieta would withdraw from *Rios* and the other cases discussed at the hearing.

*See* Aplt. App. at 35-36, 40-41. Further, as the magistrate judge's March 14, 2001 order clearly indicates, the magistrate judge decided to impose the removal sanction based, in large part, on his specific finding that Mr. Arrieta made false statements during the March 12 hearing. *See* R., Doc. 54 at 3-5. Consequently, we must remand this matter to the district court for the limited purpose of providing Mr. Arrieta an opportunity to respond to the findings of misconduct in the March 14 order. [3]

Finally, Mr. Arrieta is also seeking to litigate the issue of whether the district court properly denied his application for readmission to the Federal Bar of the District of New Mexico. *See* Aplt. Br. at 10-17. Because Mr. Arrieta's challenges to the district court's refusal to readmit him are beyond the scope of *Rios*, this court has no jurisdiction to consider that aspect of his appeal. Thus, we must dismiss Mr. Arrieta's claims regarding the readmission process for lack of jurisdiction.

---

[3] The district court will need to determine whether Mr. Arrieta is entitled only to an opportunity to respond in writing to the misconduct findings or whether it is necessary to conduct an evidentiary or oral hearing. We note, however, that "[t]he right to respond does not necessarily require an adversarial, evidentiary hearing." *FDIC v. Daily*, 973 F.2d 1525, 1531 (10th Cir. 1992). As a result, we have held in analogous cases involving attorney sanctions under Fed. R. Civ. P. 11 that an opportunity to respond in writing is sufficient to satisfy due process. *See, e.g., G.J.B.*, 913 F.2d at 830 (noting that "prior to imposing fees and costs upon an attorney for whatever reason, the district court should provide the attorney with an opportunity to fully brief the issue. An oral or evidentiary hearing . . . is not required.").

This matter is REMANDED to the district court with directions to the court to provide Mr. Arrieta with an opportunity to respond to the findings of misconduct in the magistrate judge's March 14, 2001 order. Mr. Arrieta's claims regarding the District of New Mexico's readmission process are DISMISSED for lack of jurisdiction.

Entered for the Court

Wade Brorby
Senior Circuit Judge