Nina C. NEU, Plaintiff-Appellant,

v.

Frank GRANT and Lorna Marie Grant,
husband and wife,
Defendants-Appellees.

No. 76–1009.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 16, 1976.

Decided Jan. 12, 1977.

282

Terry W. Mackey, Cheyenne, Wyo. (Sharon A. Lyman, Student Intern, Cheyenne, Wyo., on the brief), of Urbigkit, Halley, Mackey & Whitehead, Cheyenne, Wyo., for plaintiff-appellant.

J. E. Vlastos of Cardine, Vlastos & Reeves, Casper, Wyo., for defendants-appellees.

Before LEWIS, Chief Judge, and BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

Nina C. Neu (Neu), plaintiff below, appeals from a judgment on a jury verdict denying her monetary recovery in a diversity action against Frank Grant and Lorna Marie Grant, husband and wife (Grant), arising out of injuries she sustained in a motor vehicle crash. A brief recital of the factual background and issues on appeal follows.

On April 29, 1971, close to midnight, Neu was a guest passenger in a 1967 Plymouth Fury owned by Grants, then being operated by Lorna Marie Grant, traveling westwardly on Poison Spider Road in Casper, Wyoming. At that time and place a pickup truck owned and operated by Frank Grant was traveling in the same direction. The Grants proceeded to engage in a speed contest between the two vehicles on the two-lane hardtop roadway which was rough in spots, particularly because of the existence of some large chuckholes. While attempting to overtake the vehicle operated by her husband, Lorna Marie Grant lost control of the Plymouth. It skidded sideways for a long distance, rolled over at least one complete revolution and came to rest on its wheels off of the roadway. Neu alleged that the accident was caused by the negligence of Frank Grant and the gross negligence of Lorna Marie Grant.

Neu contends that the jury verdict resulted from an "unlawful" instruction, i. e., that Neu was a guest in the Plymouth Fury and that, in light of the Wyoming Guest

Statute, W.S. 31–233,[1] it was obligatory that Neu prove that Lorna Marie Grant was grossly negligent. Following a pre-trial conference, Neu filed a Motion to Strike Paragraph 6 of Grant's Answer to her Amended Complaint, which alleged that the Wyoming Guest Statute barred recovery, "upon the grounds that Wyoming's guest statute is unconstitutional, denies equal protection of law under the Constitution of the State of Wyoming and the Constitution of the United States of America and should be stricken." [R., Vol. I, p. 88.] The sole reference in this record to the proceedings had on the Motion to Strike is that contained in the transcript recited that immediately prior to trial ". . . the court and counsel at an informal pretrial meeting immediately prior to the commencement of this action, have discussed the Plaintiff's Motion to Strike, together with the Plaintiff's Motion for Partial Summary Judgment . . . the Court has heard and considered the arguments of counsel, and each of said motions is hereby overruled." [R., Vol. II, p. 3.]

The parties agree that the Wyoming Supreme Court has not rendered a decision determinative of the constitutional challenges raised to the Wyoming Guest Statute. Where diversity jurisdiction exists, such as here, the difficulties of ascertaining what the highest court in a state may subsequently determine the state law to be does not, in and of itself, afford sufficient grounds for the federal court to decline to exercise diversity jurisdiction to decide the state law issues. *Holt v. King*, 250 F.2d 671 (10th Cir. 1957). However, an adjudication of the statute based upon the applicability of state constitutional provisions is not controlling on the highest court of the state. The final, definitive, binding decision is that of the highest court of the state, under the doctrine of "outcome determination" pro-

claimed in *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 74–75, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Neu, having chosen the federal forum, is content on appeal to argue that "The Wyoming Supreme Court has not yet rendered a decision on W.S. 31–233, but it, too, would in all likelihood strike the statute, on state as well as Federal equal protection grounds." [Brief of Appellant, p. 12.]

On appeal Neu attacks the judgment-verdict on the basis that the Wyoming Guest Statute is constitutionally infirm in that: (1) it denies Neu equal protection of the law under the Fourteenth Amendment to the United States Constitution and Article I, Section 34, and Article III, Section 27 of the Wyoming Constitution, (2) it deprives Neu of any opportunity to recover damages for her personal injuries from those responsible for their infliction, which does not lend any reasonable furtherance of any object protective of the public welfare, and denies Neu due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article I, Section 6, of the Wyoming Constitution, and (3) by effectively denying Neu recovery of money damages, she is barred from the "courthouse door" in violation of Article X, Section 4, of the Wyoming Constitution, and Article I, Section 8, of the Wyoming Constitution.

I.

Throughout Neu's brief on appeal, attack is made on the vitality of *Silver v. Silver*, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929) which upheld the Connecticut Guest Statute which barred recovery by a guest in a motor vehicle unless it was being operated recklessly resulting in an accident and injuries to the guest. The court upheld the statutory denial of recovery by the guest unless proof be tendered that the driver

---

1. W.S. § 31–233. *Liability of owner to guest.*—No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton mis-conduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton mis-conduct contributed to the injury, death or loss for which the action is brought.

intentionally caused the accident or operated the vehicle with reckless disregard for the rights of others. The challenge was made that the statute created an unconstitutional distinction between gratuitous and paying passengers as well as between passengers in automobiles and those in other types of vehicles. The Court held that Connecticut was empowered to regulate the use of vehicles; that the Guest Statute created a regulation permissibly applicable in that it reaches all in the class to which it applies; and that the statutory classifications are not arbitrary, without basis or violative of equal protection of the law. The Wyoming Guest Statute meets all of the condemned classifications attacked in *Silver*.

Neu refers to the *Silver, supra,* decision in her opening brief on appeal as follows: "an old Supreme Court case" [p. 6]; other cases cited above have distinguished *Silver,* ignored it, or relied on state equal protection provisions." [p. 7]; "Factors, such as the great lengths of time that have passed since that decision and the very limited extent of the Supreme Court's analysis, made for disposal of the case, which is a relic that cannot stand in the way of contemporary understanding of the equal protection clause of the 14th Amendment as provided in such cases as [Cases are here cited.] . . . Indeed *Silver,* as the only real obstacle to invalidation, is a weak basis on which to found equal protection." [p. 7]; "In a shallow analysis . . . *Silver* [found] . . . that all automobile guests were treated equally and that the state could, in the exercise of its police power, regulate automobile traffic, and that was enough to satisfy the equal protection clause of the 14th Amendment . . . *Silver* . . . did not at all apply the test of whether the classification had any rational or reasonable relationship to the purpose of the legislation . . . when *Silver* is removed from the picture, as it should be, there is no reasonable way the guest statute can be upheld." [pp. 7, 8]; "The case not having been adequately presented to the *Silver* court, surely the Supreme Court today would not give the same decision it did in 1929." [p. 11];

"Without any dubious contra authority like *Silver v. Silver,* supra, the Wyoming [Supreme] Court would be all the more quick to hold the Wyoming Guest Statute violative of equal protection of the law." [pp. 13, 14]; "However, *Silver* was expressly limited to the issue of equal protection, and therefore the decision is not relevant to the issue of due process." [p. 18].

Neu's basic attack on the vitality of *Silver* is anchored to *Brown v. Merlo,* 8 Cal.3d 855, 106 Cal.Rptr. 388, 506 P.2d 212 (1973) and subsequent state decisions following its footprints. There, the court held the California Guest Statute unconstitutional on federal constitutional grounds, notwithstanding *Silver.* Applying the Fourteenth Amendment, the California court reasoned that the passage of time and intervening decisions by the United States Supreme Court had, in effect, rendered *Silver* a relic standing in the way to contemporary interpretation and application of Fourteenth Amendment equal protection rights.

To be sure, as Neu points out, a substantial number of courts have followed the route mapped by *Brown v. Merlo, supra. Primes v. Tyler,* 43 Ohio St.2d 195, 331 N.E.2d 723 (1975); *Johnson v. Hassett,* 217 N.W.2d 771 (N.D.1974); *Laakonen v. Eighth Judicial District,* 538 P.2d 574 (Nev. 1975); *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362 (1974); *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974). *Contra: Behrns v. Burke,* 229 N.W.2d 86 (S.Dak. 1975); *Richardson v. Hansen,* 527 P.2d 536 (Colo.1974); *Justice v. Gatchell,* 325 A.2d 97 (Del.1974); *Keasling v. Thompson,* 217 N.W.2d 687 (Ia.1974); *Cannon v. Oviatt,* 520 P.2d 883 (Utah 1974). The United States Supreme Court dismissed the challenge to the constitutionality of the Utah Guest Statute on equal protection grounds as not presenting a substantial federal question. *Cannon v. Oviatt,* 419 U.S. 810, 95 S.Ct. 24, 42 L.Ed.2d 37 (1974), *rehearing denied,* 419 U.S 1060, 95 S.Ct. 645, 42 L.Ed.2d 658 (1974). Such constitutes an adjudication on the merits. *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975).

## II.

Subsequent to the trial of this case, filing of the record on appeal and the respective briefs of the parties, *Silver v. Silver, supra,* was re-affirmed by the United States Supreme Court in the case entitled *Sidle v. Majors,* —— U.S. ——, 97 S.Ct. 366, 50 L.Ed.2d 316 (1976). *Sidle, supra,* involved a challenge to the Indiana Guest Statute. Upon certification to the Indiana Supreme Court from the United States Circuit Court of Appeals, Seventh Circuit, the state court ruled that the statute is not violative of the Indiana Constitution. The Circuit Court, in *Sidle,* recognized many of the contentions advanced by Neu in this case as persuasive consideration for holding the Indiana statute in contravention with the Equal Protection Clause. The Court, in dicta, said:

"... Therefore, despite our doubts about the current validity of the rule in *Silver v. Silver,* supra, we are obligated to affirm. *Hicks v. Miranda,* supra, 422 U.S. at 345, 95 S.Ct. at 2290, 45 L.Ed.2d at 236.

Although we are the first court of appeals to consider the equal protection challenge to a guest statute, the high courts of several states have already grappled with the problem, and the split among them has been noted (supra p. 1159). Indeed the Supreme Courts of Nevada and New Mexico invalidated their states' guest statutes after the Supreme Court of the United States acted in *Cannon.* See *Laakonen v. Eighth Judicial District Court,* supra; *McGeehan v. Bunch,* supra [88 N.M. 308, 540 P.2d 238 (1975)]. The frequency with which the question has arisen and the disagreement among the high courts of several states attests to the importance of the issue, its difficulty and the need for conclusive resolution so that the present viability of *Silver v. Silver* can be authoritatively determined." *Sidle v. Majors,* 536 F.2d 1156 (7th Cir. 1976) at 1160.

In denying the petition for certiorari in *Sidle, supra,* the Supreme Court reached the merits by summary disposition, which produced a dissenting opinion by Mr. Justice Brennan, with whom Mr. Justice Marshall joined. The dissenters would relegate the *Silver* opinion to the status of outmoded law because it does not meet today's equal protection classification based upon the standard of rationality. Even so, the dissenters recognize that *Hicks v. Miranda, supra,* held that state and lower federal courts are as bound by the Supreme Court's summary dispositions of appeals as by dispositions after plenary consideration: "Today's denial again leaves undisturbed, because of *Hicks* a decision upholding a statute whose constitutionality is patently open to serious debate. This undesirable . . result should convince the Court that *Hicks* should be re-examined. At the very least, since *Cannon v. Oviatt* is not precedent binding on us, *Edelman v. Jordan,* 415 U.S. 651, [94 S.Ct. 1347, 39 L.Ed.2d 662] (1974), *rehearing denied,* 416 U.S. 1000 [94 S.Ct. 2414, 40 L.Ed.2d 777] (1974), the petition should be granted so that we may give plenary consideration to the constitutional issue that has stirred such conflict among state and lower federal courts." —— U.S. at p. ——, 97 S.Ct. at p. 369.

■ At the time of trial and on this appeal, the rule laid down in *Silver v. Silver, supra,* applied. Thus, Neu's federal constitutional challenges under the Fourteenth Amendment to the United States Constitution are foreclosed.

## III.

Neu did not adequately preserve her objections to the Wyoming Guest Statute for appellate consideration.

Neu's pre-trial submission listed the legal issues as: (a) applicability of defense of guest statute, (b) applicability of assumption of risk or contributory negligence defenses and (c) constitutionality of the Wyoming Guest Statute. [R., Vol. I, p. 51.] The trial court instructed the jury in detail relative to the Wyoming Guest Statute. After reciting the statute verbatim, the court instructed:

The guest law relieves the operator of an automobile from the consequences of accidents as regards guests traveling

with the operator as a matter of courtesy or convenience unless the operator of the vehicle is driving and propelling the vehicle in a grossly negligent manner. [R., Vol. II, p. 8.]

You are instructed that in a guest case—and this is a guest case—the Plaintiff, Nina Neu, was a guest in the car driven by Lorna Marie Grant, and that under the law of Wyoming Nina Neu has the burden of proving that Mrs. Grant's driving was such as to constitute gross negligence before she can recover in this case. [R., Vol. II, p. 10.]

The trial court also instructed on ordinary negligence insofar as it applied to Frank Grant's conduct; the respective definitions of negligence and gross negligence; the legal principle of "assumption of risk"; the definition of unavoidable accident; the treatment of expert testimony; and the sole right of the jury to judge credibility and weigh the evidence.

After the instructions were given, the trial court stated: "Counsel, if there are any objections or suggestions that you have to these instructions the Court will now consider them." [R., Vol. II, p. 21.] Counsel for Neu stated that he had "just a couple suggestions." [R., Vol. II, p. 21.] The jury was retired. Thereupon, counsel for Neu complained that (a) the "contention instruction" did not "bring out" factors such as "drinking," "speed," or "lack of attention paid to road conditions" and (b) in regard to the gross negligence instruction, that the jury be advised that in addition to the possibility of "drinking and this kind of thing" that the fact that control of the vehicle was lost should be one of the factors. The *only* specific objections were those lodged to the instructions on the assumption of risk and unavoidable accident. [R., Vol. II, p. 23.] Further, counsel stated that "if the suggestion made relative to the contentions and gross negligence instructions are not given, we would object to the same as not being a complete statement of the case." [R., Vol. II, p. 23.] There is no merit and no substance to the "objections"

as lodged. In any event, they are not raised by Neu on appeal.

Critically, insofar as Neu's appeal is concerned, this record *does not* evidence (1) any objection following the Court's denial of Neu's Motion to Strike or Motion for Partial Summary Judgment, (2) any objection to the court's instructions on the applicability of the Wyoming Guest Statute and (3) any motions by Neu following the jury verdict or the court's judgment to set them aside or for a new trial. In fact, after the jury was discharged the trial court inquired if there were any motions. Counsel for Neu responded "No motions, your Honor." [R., Vol. II, p. 28.]

We are, accordingly, confronted with a record which does not permit our review of the trial court's actions in (1) denying Neu's Motions for Summary Judgment and to Strike, for want of an exception or any record basis which would lend insight to the court's reasons for denying same and Neu's contentions in opposition thereto; (2) instructing the jury for want of objections or exceptions, and (3) rendering judgment on the verdict for want of motions for judgment notwithstanding the verdict or for new trial. In a nutshell, we have nothing in the record on appeal indicating what, if any, contentions were made by Neu in support of her respective motions or objections to instructions given or refused. Neu did not move to set aside the verdict, for judgment notwithstanding the verdict, or for a new trial.

It is fundamental that a party seeking reversal must establish that alleged trial errors were prejudicial. Matters not appearing in the record will not be considered by the court of appeals. *McCullough Tool Co. v. Well Surveys, Inc.,* 343 F.2d 381 (10th Cir. 1965), *cert. denied*, 383 U.S. 933, 86 S.Ct. 1061, 15 L.Ed.2d 851 (1966). While exceptions to trial court rulings adverse to a party have been abolished, Fed.Rules Civ.Proc., Rule 46 requires that in lieu thereof ". . . it is sufficient that a party, at the time of the ruling or order of the court is made or sought, makes known to the court the action which he

desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." The purpose for timely objection or motion as a precedent to review on appeal is two-fold. It provides the trial court with the opportunity to know the *specific* contentions and to take corrective action, if required. And— more importantly for appellant review—it *does not* permit a party to sit idly by, watching error being committed, and then take a "first" shot at the claimed error without having accorded the trial court the opportunity to correct its action. Such is not allowed. *Johnson v. United States,* 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1943); *Chavez v. New Mexico,* 456 F.2d 1072 (10th Cir. 1972). Further, the objection must be so definite as to indicate to the trial court the precise ground upon which the evidence is inadmissible or the ruling objectionable. *Dow v. United States, for Use and Benefit of Holley,* 154 F.2d 707 (10th Cir. 1946). The trial court is entitled, under this rule, to be apprised of the claimed error, to consider the contention, and to correct possible error. *Baker v. Sherwood Construction Co., Inc.,* 409 F.2d 194 (10th Cir. 1969); *Occidental Petroleum Corp. v. Walker,* 289 F.2d 1 (10th Cir. 1961). The need for specific objection applies to rulings on evidence, formulation of issues for trial, arguments of counsel, submission of the case to the jury, instructing the jury and all other matters throughout the trial. Fed.Rules Civ.Proc., Rules 46 and 51, 28 U.S.C.A.; Federal Practice and Procedure, Barron and Holtzoff (Wright Ed.), 2B, § 1021.

■ An appellant may not complain on appeal of errors which he himself induced or invited. *Sanders v. Buchanan,* 407 F.2d 161 (10th Cir. 1969); *Cypert v. Baker,* 399 F.2d 927 (10th Cir. 1968). We may not disturb trial court findings and/or conclusions unless they are clearly erroneous. Fed.Rules Civ.Proc., Rule 52(a); *Campbell v. United States,* 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); *United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); *Hall v. United States,* 404 F.2d 1367 (10th Cir. 1969).

■ Generally, questions not going to the jurisdiction of the trial court and not raised in the trial court will not be considered on appeal. *Gomes v. Williams,* 420 F.2d 1364 (10th Cir. 1970); *State ex rel. Williams v. Neustadt,* 149 F.2d 143 (10th Cir. 1945). It is well settled in this circuit that the trial court's denial of motions or objections to rulings will not be disturbed on appeal unless it affirmatively appears that the trial court abused its discretion. *White Motor Corporation v. Stewart,* 465 F.2d 1085 (10th Cir. 1972), *cert. denied,* 409 U.S. 1061, 93 S.Ct. 561, 34 L.Ed.2d 513 (1972).

## IV.

■ Finally, the rule in this circuit is that the views of a federal district judge, who is a resident of the state where the diversity controversy arose in a case involving interpretations of state laws, carries extraordinary persuasive force on appeal where there are no state decisions on point or none which provide a clear precedent. *United States v. Wyoming National Bank of Casper,* 505 F.2d 1064 (10th Cir. 1974); *Hardy Salt Company v. Southern Pacific Transportation Company,* 501 F.2d 1156 (10th Cir. 1974), *cert. denied,* 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974); *Casper v. Neubert,* 489 F.2d 543 (10th Cir. 1973); *Industrial Indemnity Company v. Continental Casualty Company,* 375 F.2d 183 (10th Cir. 1967).

■ We hold that in submitting the case to the jury on the basis of the vitality of the Wyoming Guest Statute, which requires proof of gross negligence before liability attaches to the driver, the trial court's view of the applicability of the statute is not clearly erroneous. *See* Fed.Rules Civ.Proc., Rule 52(a); *Julander v. Ford Motor Company,* 488 F.2d 839 (10th Cir. 1973); *Smith v. Clayton and Lambert Manufacturing Company,* 488 F.2d 1345 (10th Cir. 1973).

WE AFFIRM.