947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Edna Ruth HARRIS, Plaintiff-Appellant,
v.
PRESBYTERIAN/SAINT LUKE'S MEDICAL CENTER; Jeanne T.
Coakley, Defendants-Appellees.
 No. 91-1125.
 United States Court of Appeals, Tenth Circuit.
 Nov. 6, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Edna Ruth Harris brought this employment discrimination case against Presbyterian/Saint Luke's Medical Center and Jeanne Coakley under 42 U.S.C. § 1981 (1988). Ms. Harris, who is black, contends that the defendant "intentionally engaged in a pattern of racially discriminatory and retaliatory conduct" against her after she filed a racial discrimination charge with the Equal Employment Opportunity Commission (EEOC). Opening Brief for Plaintiff-Appellant at 3. The conduct complained of consisted of "the filing of two meritless complaints against [Ms. Harris] ..., the taking of unwarranted disciplinary actions ..., the placing of false and defamatory information in [her] personnel file, and ... termination." Id. at 3-4. Ms. Harris now appeals the district court's grant of summary judgment against her. We affirm.[1]
 
 
 3
 Summary judgment is properly granted when, taking all facts and inferences in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Even assuming the truth of Ms. Harris's allegations, we conclude that she fails to state a claim under section 1981, as limited by Patterson v. McClean Credit Union, 109 S.Ct. 2363 (1989), and the cases that have followed it.
 
 
 4
 Ms. Harris's claims for discriminatory discharge and discriminatory treatment are not actionable under § 1981, which protects only the right to "make and enforce" contracts. Id. at 2372-73 (racial harassment not actionable under § 1981); Trujillo v. Grand Junction Regional Center, 928 F.2d 973 (10th Cir.1991) (discriminatory discharge not actionable under § 1981). Moreover, her retaliation claim falls squarely under our holding in Hill v. Goodyear Tire & Rubber, Inc., that no cause of action exists under section 1981 when the employer is alleged to have retaliated for conduct that is not itself protected by that section. 918 F.2d 877, 880 (10th Cir.1990) (no claim under section 1981 where retaliation alleged for antidiscrimination advocacy); see also Sherman v. Burke Contracting, Inc., 891 F.2d 1527 (11th Cir.1990) (no section 1981 claim where retaliation alleged for filing discrimination charge with EEOC), cert. denied, 111 S.Ct. 353 (1990). The right to enforce contracts guaranteed by section 1981 extends only to retaliatory conduct by an employer that "aims to prevent or discourage an employee from using legal process to enforce a specific contract right." Id. at 1535; see also McKnight v. General Motors Corp., 908 F.2d 104, 111-12 (7th Cir.1990) (suggesting that retaliation might be actionable if employer impaired ability to collect wages, enforce pension rights, enforce a "just cause" provision or seniority right, etc.), cert. denied, 111 S.Ct. 1306 (1991).
 
 
 5
 Ms. Harris argues further that her treatment by the hospital violated other rights under section 1981, namely, the rights "to sue, be a party, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." Appendix to Opening Brief for Plaintiff-Appellant at A-2. See 42 U.S.C. § 1981. In defending against summary judgment below, however, Ms. Harris argued only that her constructive discharge impaired her right to make a contract, and that the hospital's retaliation impaired her right to enforce a contract. Appendix to Opening Brief for Plaintiff-Appellant at A-49. Because she did not press her claims under the other provisions of section 1981 below, we decline to rule on them now. Neu v. Grant, 548 F.2d 281, 287 (10th Cir.1977) (questions not raised in trial court will not be considered on appeal).
 
 
 6
 Accordingly, we affirm the ruling of the district court.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Ms. Harris also raises as error two district court orders that would have precluded her from introducing certain evidence at trial. Because we affirm the district court's determination that the action could be dismissed without trial, we need not reach those issues