33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Don A. HILLAND, Plaintiff-Appellant,
v.
Vicki AKENHEAD, Individually and as an employee of the State
of New Mexico Second Judicial District Court; Thomas J.
Ruiz, Individually and as an employee of the State of New
Mexico Second Judicial District Court; Lori Abbott,
Individually and as an employee of the State of New Mexico
Second Judicial District; Arno Safier, PhD, Individually
and as an employee of the State of New Mexico Second
Judicial District Court; Janeanne T. Snow, PhD,
Individually and as an employee of the State of New Mexico
Second Judicial District Court; Honorable W. John Brennan;
Honorable Robert Scott; Honorable Albert S. "Pat" Murdoch;
Honorable Susan Conway; Honorable James F. Blackmer;
Honorable Anne Kass; Honorable Ross Sanchez; Honorable
Frank Allen, Jr.; Honorable Philip Ashby; Honorable Diane
Dal Santo; Honorable Gerald Cole; and Honorable Robert
Thomson, Defendants-Appellees.
 No. 93-2336.
 United States Court of Appeals, Tenth Circuit.
 Aug. 9, 1994.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DAVID L. RUSSELL, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Don A. Hilland was terminated from his position as a court reporter employed by New Mexico's Second Judicial District. Defendants are judges and employees of the district. Hilland brought this pro se action raising thirteen federal and state law claims relating to alleged wrongful termination, discrimination, and other tortious conduct. He appeals from the district court's grants of summary judgment in favor of defendants and dismissal of the case. We have jurisdiction under 28 U.S.C. Sec. 1291. We review grants of summary judgment de novo and apply the same standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990).
 
 
 6
 This case has been characterized by plaintiff's general lack of action in the district court and his failure to respond to defendants' motions. He filed his complaint on December 7, 1992. Defendants were served in early March 1993 and answered on March 8. In an order dated April 1, the magistrate judge established October 15, 1993, as the cutoff date for completion of discovery and November 8, 1993, as the deadline for pretrial motions. During this time plaintiff did not conduct any discovery, nor did he file any motions.
 
 
 7
 Defendant judges moved for summary judgment on April 29 on various bases including lack of causation of plaintiff's claimed injuries and qualified immunity. They also moved for dismissal of the pendent state law claims due to lack of jurisdiction once the federal law claims were dismissed. Plaintiff did not respond to this motion or in any way controvert the affidavit supporting it. On May 27, the court granted the motion. It stated first that under the court's local rules plaintiff's failure to respond to the motion constituted consent to the motion. See N.M.D.Ct.R. CV-7.8 ("A failure to file a brief in support of or in opposition to any motion shall constitute a consent to deny or grant the motion."). The court also determined the motion should be granted on the merits on the bases of absence of causation and qualified immunity.
 
 
 8
 On October 4, the remaining defendants filed motions for summary judgment on plaintiff's federal claims and for dismissal for failure to state a claim or for lack of jurisdiction over his pendent state law claims. Again, plaintiff failed to respond to these motions. He did attend a pretrial conference on November 18. Though no transcript of that hearing has been provided, the clerk's minutes indicate that plaintiff explained that he did not respond to the motions because he was disabled and could not type.
 
 
 9
 On November 19, the district court granted the remaining defendants' motions for summary judgment. The court noted that plaintiff had not conducted any discovery, had not attempted to proceed with the case in any manner, and had not provided a sufficient explanation for his failure to respond to the defendants' motions. The court again referred to the local rule requiring responses to motions and again determined that the motions should be granted on the merits.
 
 
 10
 On appeal, plaintiff has submitted his affidavit and a variety of documents that he asserts create genuine issues of fact precluding summary judgment. He admits he did not present these documents to the district court, but contends that his physical and mental problems and involvement in his divorce proceedings prevented him from submitting them as responses to the summary judgment motions. We generally do not consider arguments and evidence not presented to the district court, see Riasati v. INS, 738 F.2d 1115, 1119 n. 3 (10th Cir.1984); Neu v. Grant, 548 F.2d 281, 286 (10th Cir.1977), and see no reason to make an exception in this case. Moreover, we have reviewed these materials, and our consideration of them would not change our conclusions that there are no genuine issues of fact and that the district court's grants of summary judgment and dismissal of the case were correct.[1]
 
 
 11
 Defendants' motion to strike plaintiff's affidavit and exhibits attached to his opening brief is GRANTED. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 We interpret the district court's orders granting summary judgment as dismissing plaintiff's state law claims for lack of pendent jurisdiction, as defendants' motions requested. The district court did not abuse its discretion in dismissing these claims, particularly since no discovery had been conducted. Jarvis v. Nobel/Sysco Food Servs. Co., 985 F.2d 1419, 1424 (10th Cir.1993)