UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 10/18/96**

NORTHERN ASSURANCE
COMPANY OF AMERICA, an
insurance corporation,

      Plaintiff-Counter-
      Defendant-Appellee,

v.

NIKKI G. BOYCE,

      Defendant,

   and

CHRISTA K. JOHNSON and JERRY
A. TILLETT,

      Defendants-Counter-
      Claimants-Appellants.

No. 96-3001
(D.C. No. 94-CV-1498)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellants Christa K. Johnson and Jerry A. Tillett, the insureds under a homeowners' policy issued by appellee Northern Assurance Company (NAC), appeal the district court's dismissal of this declaratory judgment action as moot.[1] Our review of the record reveals that appellants never argued the mootness issue in the district court, even though the district court specifically invited the parties to comment on whether the case was moot. We must consider, then, whether we should make an exception to our general rule that we will not consider an issue on which appellants made no argument in the district court. See Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir. 1991).

NAC filed this action seeking a declaration that the policy at issue did not cover claims that Nikki Boyce asserted against appellants in a state court action

---

[1]    NAC argues that because only appellants' counterclaim for $4,700 is at issue, the amount in controversy no longer meets or exceeds $50,000, and the district court would not have jurisdiction over the case were we to remand it for further proceedings. We do not agree. "[T]he amount in controversy requirement is determined at the time the complaint was filed." Watson v. Blankinship, 20 F.3d 383, 387 (10th Cir. 1994).

and, therefore, that NAC had no duty to defend them in that action. Appellants filed a counterclaim seeking a declaration that NAC was obligated both to defend and to indemnify them against any damages arising from the state court suit, including reimbursement of attorney fees they incurred in defending themselves in that action. The district court stayed the declaratory judgment action, after concluding that factual issues affecting coverage should be determined in the state court action.

In June 1995, Boyce dismissed the state court action without prejudice. Shortly thereafter, NAC and appellants filed cross-motions for summary judgment in federal court. NAC again argued that there was no coverage and no duty to defend. Appellants argued that there was a possibility of coverage and, therefore, a duty to defend, and that they were entitled to recover the attorney fees they had expended in the defense of the state court action and in the present declaratory judgment action.

On June 29, 1995, the district court issued an order stating that it had received each of the summary judgment motions, but that both appeared moot in light of the dismissal of the state court action. The court concluded by stating: "Before proceeding, the court will welcome comments from counsel for all litigants involved as to why this court should proceed further when any decision reached is presently moot." Appellant's App. at 212-13. Appellants never

responded to the court's invitation to argue why the case was not moot. Although some of NAC's arguments in its later response to appellants' summary judgment motion were based on the dismissal of the state court action, NAC did not specifically address whether the dismissal mooted the present action.

On September 6, the district court entered an order stating again that the issues raised by the parties in their respective summary judgment briefs appeared to be moot and notifying the parties that "the court will suspend its file to December 7, 1995. At that time, if Nikki Boyce has refiled her matter in state court, this court will be pleased to readdress the pending motions. If these matters are not raised again, this action will be dismissed without prejudice." Id. at 221. Neither party responded to this order and, on December 11, 1995, the court entered its order of dismissal, stating: "The court is now apprised that Nikki G. Boyce has not timely refiled her action in the District Court of Saline County, Kansas, and as a consequence, this matter is now dismissed without prejudice." Id. at 222. On December 28, appellants filed their notice of appeal and they now argue for the first time that the dismissal of the state court action did not moot the federal case.

"The matter of what questions may be addressed for the first time on appeal is within our discretion and [is] decided on a case by case basis." Hicks, 928 F.2d at 970. In general, however, "[t]he failure to raise the issue with the trial court

-4-

precludes review except for the most manifest error." Id. We have, on occasion, departed from the general rule "in exceptional cases where a question of law is raised, [and consideration of the question] is necessary to prevent manifest injustice." Harris v. Day, 649 F.2d 755, 761 (10th Cir. 1981)(considering merits of due process challenge raised for first time on appeal); see also Hicks, 928 F.2d at 970 ("Exceptions to this rule are rare and [are] generally limited to cases where the jurisdiction of a court to hear a case is questioned, sovereign immunity is raised, or when the appellate court feels it must resolve a question of law to prevent a miscarriage of justice.").

After reviewing the record, we find no basis for making an exception to the general rule. Appellants remained silent in the face of both a request by the district court that the parties tell the court why the case was not moot and a later order notifying the parties that the case would be dismissed as moot at a future date certain if the state court action was not refiled. A party may not "sit idly by, watching error being committed, and then take a 'first' shot at the claimed error without having accorded the trial court the opportunity to correct its action." Neu v. Grant, 548 F.2d 281, 287 (10th Cir. 1977). We see no manifest injustice here in refusing to consider appellants' arguments that the district court erred in considering the case moot.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge