**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

REY A. DOMINGUEZ-PEREZ,

    Defendant - Appellant.

No. 18-2063
(D.C. No. 1:15-CR-00619-JAP-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **KELLY**, and **EID**, Circuit Judges.
_____

    Rey Dominguez-Perez pleaded guilty to one count of conspiracy and three counts of possession with intent to distribute a controlled substance. The district court imposed a 180-month prison sentence. Dominguez-Perez appeals, arguing the district court improperly enhanced his sentence, denied him a downward adjustment, and imposed a substantively unreasonable sentence. For the reasons discussed below, we affirm in part, reverse in part, and remand for further proceedings.

---

    [*] This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

## Background

This appeal arises out of a conspiracy between Dominguez-Perez and his former wife, Rosann Tercero, to possess methamphetamine, heroin, and marijuana with the intent to distribute. During a search of Dominguez-Perez and Tercero's house, law enforcement discovered distribution-level quantities of those controlled substances in various rooms, as well as two firearms. Dominguez-Perez ultimately pleaded guilty to one count of conspiracy, three counts of possessing a controlled substance with the intent to distribute, and one count of unlawfully possessing a firearm.[1]

Based on a total offense level of 40 and a criminal-history category of I, the presentence investigation report (PSR) calculated a sentencing range of 292 to 365 months in prison under the United States Sentencing Guidelines (the Guidelines). As relevant to this appeal, the total offense level included a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm, a two-level enhancement under § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, and a two-level enhancement under § 3C1.1 for obstructing justice. It did not include a downward adjustment for accepting responsibility under § 3E1.1.

Dominguez-Perez didn't file objections to the PSR. Instead, in his sentencing memorandum, he asked the district court to "deviate . . . downward" from the

---

[1] The district court later allowed Dominguez-Perez to withdraw his plea to the firearm charge and dismissed that count without prejudice.

Guidelines and sentence him to time served. App. vol. 2, 455. Specifically, Dominguez-Perez argued that the enhancement for obstructing justice was "not warranted." *Id.* at 456. Additionally, he suggested he was entitled to a downward adjustment for accepting responsibility because he "clearly accepted responsibility . . . by pleading to the indictment." *Id.* at 455. He then pointed to the firearm enhancement and argued for a two-level downward deviation because the district "[c]ourt suppressed the firearm[] charges." *Id.* He also referenced the drug-premises enhancement and suggested that a two-level downward deviation was warranted because "the main purpose of the house was for [Tercero], her three children[,] and [Dominguez-Perez] to reside in." *Id.* At no point, however, did Dominguez-Perez suggest that the PSR improperly applied these two enhancements.

The government surmised that despite Dominguez-Perez's failure to object to the PSR, Dominguez-Perez was nevertheless "obliquely disput[ing]" his assessed offense level via the arguments he presented in his sentencing memorandum. *Id.* at 460. In response to those arguments, the government advocated for the obstructing-justice enhancement and against the accepting-responsibility adjustment. Additionally, it insisted that the PSR properly assessed the firearm enhancement because the firearms remained "[r]elevant [c]onduct," even though the district court ultimately suppressed all evidence of them. *Id.* at 461. Further, the government argued that the PSR properly assessed the drug-premises enhancement because the evidence showed that processing and storing controlled substances for distribution was also "a principal use of the premises." *Id.* at 468.

3

At the sentencing hearing, defense counsel expressly denied that there were any "disputed facts" that might warrant an evidentiary hearing. *Id.* at 489. Thus, the district court adopted the PSR's factual findings. The district court then asked Dominguez-Perez to explain his objections to the PSR's calculations. In response, Dominguez-Perez argued against the enhancement for obstructing justice. He further argued that in lieu of a downward adjustment for accepting responsibility, the district court should grant him a "downward departure." *Id.* at 498. But at no point during the sentencing hearing did Dominguez-Perez suggest that he objected to applying the firearm enhancement or the drug-premises enhancement. Indeed, he remained silent even when, in response to the district court's questions, the government (1) confirmed that law enforcement found firearms in the common area of the house and (2) verified that Dominguez-Perez rented the house at issue with Tercero and her children.

The district court ultimately rejected Dominguez-Perez's requests and proposed a sentence of 180 months' imprisonment. Three times, it asked the parties to comment on the proposed sentence. Each time, defense counsel declined to do so. The district court then imposed the 180-month sentence. Dominguez-Perez appeals.[2]

_____

[2] We agree with the parties that we have jurisdiction over this appeal. *See KCOM, Inc. v. Emp'rs Mut. Cas. Co.*, 829 F.3d 1192, 1196 (10th Cir. 2016) (noting our "obligation to examine our own subject[-]matter jurisdiction"). It's true that (1) the district court entered an order dismissing, without prejudice, one count of the indictment against Dominguez-Perez and (2) such an order isn't usually an appealable final order. *See United States v. Tsosie*, 966 F.2d 1357, 1360–61 (10th Cir. 1992) (holding that dismissal of indictment without prejudice based on speedy-trial violation isn't immediately appealable). But Dominguez-Perez doesn't appeal

4

**Analysis**

Dominguez-Perez argues the district court improperly enhanced his sentence for obstructing justice, for possessing a firearm, and for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. *See* §§ 2D1.1(b)(1), (12), 3C1.1. He also argues that the district court wrongly denied him a downward adjustment for accepting responsibility. *See* § 3E1.1. Additionally, he contends that his sentence is substantively unreasonable.

The government concedes that the district court must make additional findings to support the obstructing-justice enhancement. *See United States v. Dunnigan*, 507 U.S. 87, 95 (1993) (explaining that before imposing § 3C1.1 enhancement, district court must find that defendant attempted to willfully impede or obstruct justice). Further, given the "interdependency" of the obstructing-justice enhancement and the accepting-responsibility adjustment, the government also concedes that if we accept its concession regarding the former, the district court must also reconsider the latter. Aplee. Br. 10. We therefore reverse and remand to the district court for further findings on the obstructing-justice enhancement and the accepting-responsibility adjustment. And in light of this remand, we agree with the parties that we need not address the substantive reasonableness of Dominguez-Perez's sentence at this time.

---

the order dismissing that count; he appeals from the judgment against him, which became a final appealable order when the district court imposed the sentence and dismissed the remaining count without prejudice. *See United States v. Kaufmann*, 985 F.2d 884, 891 (7th Cir. 1993) (finding conviction on one count of indictment was final and appealable even though other counts were dismissed without prejudice).

That leaves Dominguez-Perez's challenges to the firearm enhancement and the drug-premises enhancement. We review legal questions regarding the Guidelines de novo and review any factual findings for clear error. *See United States v. Craig*, 808 F.3d 1249, 1255 (10th Cir. 2015). We address each enhancement in turn.

## I.     Firearm Enhancement

Dominguez-Perez contends there was an insufficient nexus between the firearms found in his house and the drug activity that occurred there to support the firearm enhancement. *Cf.* § 2D1.1(b)(1) (providing for two-level increase if "dangerous weapon (including a firearm) was possessed"); § 2D1.1 cmt. n.11(A) (noting enhancement isn't warranted if "it is clearly improbable that the weapon was connected with the offense"). But the government asserts that Dominguez-Perez's nexus argument is a factual challenge that Dominguez-Perez failed to raise below. As such, the government argues that Dominguez-Perez waived this argument. *Compare United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012) (noting that when appellant attempts to advance argument on appeal that he or she failed to raise below, we typically deem argument forfeited and review it only for plain error), *with United States v. Deninno*, 29 F.3d 573, 580 (10th Cir. 1994) (distinguishing between unpreserved legal arguments and unpreserved factual arguments; explaining that we treat unpreserved factual arguments as waived—rather than forfeited—and therefore won't consider them at all, even for plain error); *see, e.g.*, *United States v. Templeton*, 750 F. App'x 685, 685–86 (10th Cir. 2018) (unpublished) (finding nexus argument waived because it was a factual challenge not raised below).

We agree with the government that Dominguez-Perez didn't raise a nexus argument below. Indeed, he admitted as much at oral argument. The only argument he made below about the firearm enhancement was his suggestion that the district court should "deviate [two] points downward" because it "suppressed the firearms charges." App. vol. 2. 455. And that's not a nexus argument.

We further agree with the government that the nexus argument is factual in nature. For instance, Dominguez-Perez argues there's no nexus because the record doesn't indicate (1) that "drugs were kept anywhere near firearms," (2) that drug manufacturing or distributing "happened in temporal or [spatial] relation" to the firearms, (3) that he could "readily access[]" the firearms, or (4) that the firearms were operable. Aplt. Br. 28. These are all factual assertions. And because Dominguez-Perez failed to advance them below, we lack an adequate record against which to review them. *See United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir. 1991) (noting that "when a defendant fails to raise the issue below, we have no factual record by which to review the application of the guidelines"), *overruled in part on other grounds by Stinson v. United States*, 508 U.S. 36 (1993). Thus, we conclude that Dominguez-Perez waived any factual objection to the firearm enhancement. *Cf. Templeton*, 750 F. App'x at 688–89 (finding defendant waived factual argument about physical proximity between marijuana and firearms for purposes of § 2K2.1(b)(6)(B)'s four-level enhancement because he failed to raise that challenge below).

7

Alternatively, we would find that Dominguez-Perez waived his firearm-enhancement challenge even if we accepted his contention that this argument is legal, rather than factual, in nature. In particular, Dominguez-Perez insists that rather than challenging the accuracy of the facts contained in the PSR, he is instead asserting that even assuming those facts are true, they are nevertheless legally "insufficient . . . to support" the firearm enhancement. Rep. Br. 3–4. But Dominguez-Perez didn't make this legal argument below either. Instead, he merely asked the court to deviate downward from the Guidelines range to account for its decision to suppress evidence of the firearms.

Thus, we conclude Dominguez-Perez forfeited his legal-sufficiency argument by failing to fully and adequately present it below. *See United States v. Winder*, 557 F.3d 1129, 1136 (10th Cir. 2009) (explaining that to preserve argument for appeal, objection must be "'definite' enough" to inform district court of "'the precise ground' for a party's complaint" (quoting *Neu v. Grant*, 548 F.2d 281, 287 (10th Cir. 1977))). And although we typically review forfeited arguments for plain error, Dominguez-Perez makes no plain-error argument here. Accordingly, even assuming his challenge to the firearm enhancement is a legal one, that legal challenge is also waived. *See United States v. Kearn*, 863 F.3d 1299, 1313 (10th Cir. 2017) (holding that defendant waived argument he forfeited below by failing to advance plain-error argument on appeal).

In sum, Dominguez-Perez waived any factual challenges to the firearm enhancement by failing to make those challenges below. Further, to the extent that he

8

presents a legal argument on appeal, he forfeited that argument below and waived it on appeal by failing to argue for plain error. We therefore affirm the district court's decision to impose this enhancement.

## II.    Drug-Premises Enhancement

Next, Dominguez-Perez argues that the district court improperly applied the drug-premises enhancement. *Cf.* § 2D1.1(b)(12) (providing for two-level increase if "defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance"). In particular, he contends that the drug-premises enhancement doesn't apply because his use of the house for drug-trafficking purposes "was incidental" to his use of the house as "a family home." Aplt. Br. 31; *see also* § 2D1.1 cmt. n.17 (explaining that enhancement only applies when "[m]anufacturing or distributing a controlled substance" was "one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises").

Again, the government contends that this incidental-use argument is a factual challenge and that Dominguez-Perez waived it by failing to advance it below. Again, Dominguez-Perez disagrees. This time, he points out that he requested a "[two-]point downward deviation" to offset the drug-premises enhancement because "the main purpose of the house was for [Tercero], her three children[,] and [Dominguez-Perez] to reside in." App. vol. 2, 455. And he contends that this request preserved his incidental-use argument.

But a request for a downward deviation isn't necessarily the same as an argument that an enhancement doesn't apply. *Cf. United States v. Gallegos*, 610 F. App'x 786, 789 n.4 (10th Cir. 2015) (unpublished) (distinguishing between (1) "enhancements" and "adjustments," which are relevant for purposes of calculating applicable Guidelines range, and (2) "variances" and "departures," which provide grounds for "deviat[ing]" from applicable Guidelines range once calculated).

More importantly, the argument Dominguez-Perez made below (that he used the house *primarily* for residential purposes) is distinct from the argument that he makes on appeal (that he used the house *incidentally* for drug trafficking). This is so because, as the government pointed out in its response to Dominguez-Perez's sentencing memorandum, a house may have more than one primary use. *See* § 2D1.1 cmt. n.17 (noting that drug-trafficking use "must be *one of* the defendant's primary or principal uses for the premises" (emphasis added)); *United States v. Murphy*, 901 F.3d 1185, 1190 (10th Cir. 2018) (explaining that drug-premises enhancement "clearly contemplates a premises with more than one primary use").

Put differently, the house could have been used primarily for both residential purposes *and* drug-trafficking purposes. *See Murphy*, 901 F.3d at 1191 ("[O]ne may *use* his home (in the broad sense of the word) for lawful purposes 100% of the time and also *use* it (in the same broad sense of the word) for unlawful drug activity 100% of the time. In other words, both simultaneous uses may well be primary."). Thus, an argument that the primary use of a house was residential does not, on its own, amount to a challenge that the drug-trafficking use was incidental to that primary, residential

use. We therefore reject Dominguez-Perez's contention that he raised his incidental-use argument below.

Further, Dominguez-Perez's incidental-use argument is—like his nexus argument—factual in nature. For instance, Dominguez-Perez asserts there is "no evidence that a single drug transaction was carried out from" his house. Aplt. Br. 31. He likewise points to the absence of evidence that "any customers or suppliers" came to the home. Rep. Br. 10. And he characterizes the drug trafficking that occurred in the house as "confined largely to an attic and garage areas." Aplt. Br. 31. But because Dominguez-Perez failed to advance these factual assertions below, the district court didn't develop a factual record against which we might review them. *See Saucedo*, 950 F.2d at 1518. We therefore conclude that he waived his incidental-use argument. *See Deninno*, 29 F.3d at 580; *Templeton*, 750 F. App'x 688–89.

Alternatively, we would again reach the same conclusion even if we accepted Dominguez-Perez's assertion that he is challenging the legal sufficiency of the PSR's facts, rather than the facts themselves. That's because Dominguez-Perez's request for a downward deviation based on the house's residential use wasn't "'definite' enough to indicate to the district court" that he was objecting to the drug-premises enhancement on the ground that drug trafficking was an incidental use of the home. *See Winder*, 557 F.3d at 1136 (quoting *Neu*, 548 F.2d at 287). Dominguez-Perez therefore forfeited this legal argument by failing to raise it below. *See id.* And he waived it by failing to argue for plain error on appeal. *See Kearn*, 863 F.3d at 1313.

11

Thus, to the extent we construe Dominguez-Perez's argument as presenting a purely legal question, we decline to consider it on appeal.

## Conclusion

We affirm the application of the firearm enhancement and the drug-premises enhancement. But based on the government's concessions, we reverse and remand to the district court for further findings on the obstructing-justice enhancement and the accepting-responsibility adjustment. In light of this remand, we decline to reach Dominguez-Perez's substantive-reasonableness challenge at this time.

Entered for the Court


Nancy L. Moritz
Circuit Judge